UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Scott Lawrence Simmons,

   Plaintiff,

v.

D.P. Marshall, United States District Judge,

   Defendant.

Case No. 21-CV-0949 (PAM/KMM)

REPORT AND RECOMMENDATION

Plaintiff Scott Lawrence Simmons did not pay the filing fee for this matter, but instead has applied to proceed *in forma pauperis* ("IFP") in this proceeding. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

The IFP application does not contain enough information from which to conclude that Mr. Simmons qualifies financially for IFP status. Even leaving that aside, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right

to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint submitted by Mr. Simmons offers little indication of what this matter is intended to be about; the only substantive allegation included in the pleading is the phrase "obstruction of justice," repeated four times. Compl. at 3, 4 [ECF No. 1]. Mr. Simmons provides no reason to believe that the actions of Judge Marshall, whatever those actions might be, constitute "obstruction of justice" or any other unlawful behavior. The complaint falls well short of stating a viable claim for relief, and it is accordingly recommended that this matter be dismissed pursuant to § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Scott Lawrence Simmons [ECF No. 2] be DENIED.

Date: April 22, 2021

  *s/ Katherine Menendez*
  Katherine Menendez
  United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).